UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
--------------------------------------------------------
                                                :
UNITED STATES OF AMERICA        :
*ex rel.* HARRY BARKO,                   :          CASE NO. 1:05-CV-1276
                                                :
              Plaintiff-Relator,            :
                                                :
    v.                                          :          ORDER
                                                :
                                                :
HALLIBURTON COMPANY *et al.*,  :
                                                :
              Defendants.                    :
                                                :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 6, 2014, this Court granted Plaintiff's motion to compel production of documents

created during KBR's Code of Business Conduct ("COBC") investigations.[1] In granting the motion

to compel production, this Court reasoned: "the COBC investigations were undertaken pursuant to

regulatory law and corporate policy rather than for the purpose of obtaining legal advice""

Finding the documents were wholesale not subject to protection under the attorney-client

privilege, this Court did not engage in a document-by-document evaluation regarding whether

individual documents otherwise qualified for protection. The Court also reserved ruling on whether

Defendant KBR[2] had waived any attorney-client privilege.

On June 27, 2014, the Court of Appeals mandated the March 6, 2014, order be vacated.[3]

The Court of Appeals returned the case to this Court. In returning the case, the Court of Appeals

told this Court to consider "other arguments for why these documents are not covered by either the

---

[1]Doc. 150.

[2]KBR refers collectively to Kellogg Brown & Root Services, Inc., Kellogg Brown & Root, Inc., KBR
Technical Services, Inc., Kellogg Brown & Root Engineering Corporation, Kellogg Brown and Root International, Inc.
(A Delaware Corporation), Kellogg Brown & Root International, Inc. and Halliburton Company.

[3]Doc. 176.

attorney-client privilege or the work-product protection."[4]

With the return of this case, the Court requested briefing on whether KBR had waived any privilege. This Court has also returned to individual examination of documents that have not been given to plaintiff. With this individual review, the Court decides whether those documents were otherwise subject to disclosure irrespective of the Court of Appeals's holding that COBC documents could qualify for protection.

Among the documents the Court has reviewed is a May 13, 2004, email from KBR President and CEO Andy Lane and KBR Senior Vice President, Legal, to "All KBR employees." The email discusses documents that relate to the LOGCAP III or RIO contracts. The May 13, 2004, email is not privileged because the attorney-client privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege."[5] The email–sent to all KBR employees–is not related to obtaining legal advice. The document is non-confidential.

More important to this Court's consideration of the waiver issue, in the email KBR's President says that KBR "has disclosed to the government the possibility that one or two of our former employees may have received "kick backs" from a selected contractor and we are cooperating with the appropriate authorities as they conduct this investigation."[6]

To rule on the waiver issue, the Court needs to know what information KBR disclosed to the government. In providing this information, the parties shall describe whether KBR's disclosure dealt with Daoud or with the contracts involved with this litigation.

---

[4] *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 764 (D.C. Cir. 2014).

[5] *Fisher v. United States*, 425 U.S. 391, 403 (1976). The attorney-client relationship does not create a "cloak of protection draped around all occurrences and conversations which have any bearing, direct or indirect, upon the relationship of the attorney with his client." *In re Subpoenaed Grand Jury Witness*, 171 F.3d 511, 513 (7th Cir. 1999).

[6] Privilege Log Doc. 8 (emphasis added).

With their responding briefs, the Court directs the parties, including the United States, to disclose: 1) when the disclosure to the government occurred; 2) whether the disclosure involved Daoud & Partners Inc.; and 3) whether any disclosure involved any of the contracts involved with this case. If any disclosure was made to the government regarding any contracts involved in this case, the parties shall file a copy of any written communication to the government related to the government disclosure and identify any KBR and government witness who was present when the disclosure was made or was involved in the disclosure.

On October 9, 2014, Defendant KBR requested an extension to October 20, 2014, to file their responding brief on the waiver issue.[7] The Court grants the motion and requires that both the Plaintiff and the Defendant file their response by October 20, 2014. Plaintiff has filed an unnecessarily long position paper. The Plaintiff's responding brief will be no longer than twenty pages. The Defendant's responding brief will be no longer than twenty-five pages.

IT IS SO ORDERED

Dated: October 10, 2014.

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[7]Doc. 182.